UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDRES A.B.,[1]

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-01707-TLN-EFB

A# 240-085-078

**RELEASE ORDER**

On September 3, 2026, the Court granted the Petition for Writ of Habeas Corpus in this matter and ordered the parties to meet and confer regarding the appropriate conditions of Petitioner's release. (ECF No. 29.) The parties submitted a joint proposal on September 8, 2026, agreeing to GPS monitoring and weekly check-ins with a U.S. Immigration and Customs Enforcement ("ICE") officer. (ECF No. 31.) However, the parties were unable to agree on whether these check-ins should be conducted in person or telephonically. (*Id.* at 2.) The Court

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

adopts the conditions agreed upon by the parties, and further finds that telephonic check-ins are sufficient to mitigate the risk of flight and danger discussed in its previous Order. (*See* ECF No. 29 at 12–13) (citing cases discussing the Court's authority to impose conditions on relief in a habeas judgment).

Accordingly, the Court ORDERS as follows:

1. **Within two days of the date of this Order**, Respondents shall RELEASE Petitioner Andres A.B. A# 240-085-078 from custody, under GPS location monitoring, and under the supervision of weekly telephonic check-ins with an ICE officer. At the time of release, Respondents must return all of Petitioner's documents and possessions.

2. Petitioner shall be required to report for any immigration court hearing or interview; attend check-ins with ICE; surrender for removal if so ordered and assist in obtaining necessary travel documents; not change address without prior notice and/or approval; report to any parole or probation officer as required and provide ICE with written verification of the officer's contact information and reporting requirements within five business days of the first appointment with a parole officer; and not violate any local, state, or federal laws or ordinances.

3. Respondents may re-detain Petitioner: (1) if Petitioner violates the conditions of his release and Respondents provide Petitioner notice and an opportunity to be heard as to the alleged violations in accordance with the constitutional protections articulated in the Court's September 3, 2026 Order (ECF No. 29 at 13–14 ¶3), OR (2) if Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

4. The conditions listed in this Order are the most restrictive conditions that may be imposed absent further order of the Court.

5. **Respondents must file a notice certifying compliance with this provision of the Court's Order within four (4) court days from the date of this Order.**

6. **The Clerk of the Court is directed to serve California City Detention Center with a copy of this Order**.

//

//

IT IS SO ORDERED.

DATE: September 8, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE